# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

DEVIN RAPCHAK,

    Petitioner,

v.                                                                     No. 19-cv-188 JB-KBM

MARK BOWEN, *et al*,

    Respondents.

## OPINION AND ORDER TO SHOW CAUSE

Before the Court is Devin Rapchak's 28 U.S.C. § 2241 Habeas Corpus Petition (Doc. 1). Also before the Court are various motions to proceed *in forma pauperis* and for discovery/disposition (Docs. 2, 5, 6, 8-12). Rapchak appears to challenge his prison disciplinary proceeding. Having reviewed the matter *sua sponte* under Habeas Corpus Rule 4, the Court will require Rapchak to show cause why the Petition should not be dismissed for failure to exhaust state remedies.

## I. Background

Rapchak is an inmate at the Penitentiary of New Mexico (PNM). He alleges prison officials violated New Mexico Department of Corrections policy by placing him in a "level 6 23-hour lock-down" program (Doc. 1 at 4). According to Rapchak, prison officials were attempting to conceal an assault by a PNM correctional officer. *Id.* Rapchak filed the § 2241 Petition on March 6, 2019. He asks the Court to reinstate forfeited good-time credits; order his transfer to a level 3 program; and award punitive damages. (Doc. 1 at 10). Between March 6, 2019 and May 17, 2019, Rapchak also filed various miscellaneous motions relating to the filing fee and discovery. (Docs. 2, 5, 6, 8-12).

**II. *In Forma Pauperis* Motion**

As an initial matter, Rapchak seeks to prosecute his habeas action without prepaying the $5 filing fee. *In forma pauperis* relief is available where the petitioner's statement of assets demonstrates he is unable to prepay the filing fee before commencing suit. *See* 28 U.S.C. § 1915(a). Rapchak's affidavit indicates he currently has no income or assets. (Doc. 2 at 1-2). The Court will therefore grant the Motion. Rapchak is reminded that even though prepayment is excused, he remains obligated to pay the $5 filing fee at a later time.

**III. Initial Review of Petition**

The Petition is governed by Habeas Corpus Rule[1] 4 and 28 U.S.C. § 2241. Habeas Corpus Rule 4 requires a *sua sponte* review of habeas petitions. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief … the judge must dismiss the petition." Habeas Corpus Rule 4. "If the petition is not dismissed, the judge must order the respondent to file an answer…." *Id.*

Relief is only available under § 2241 where the petitioner's detention violates federal law. *See* 28 U.S.C. § 2241(c)(3) (courts must determine whether petitioner "is in custody in violation of the Constitution or laws or treaties of the United States"); *Yellowbear v. Wyo. Att'y Gen.*, 525 F.3d

---

[1] "Habeas Corpus Rule" refers to the Rules Governing Section 2254 Cases in the United States District Courts, effective February 1, 1997 and amended on February 1, 2010. The Court, in its discretion, applies those rules to the § 2241 petition. *See* Habeas Corpus Rule 1(b) ("The district court may apply any or all of these rules to [other types of] habeas corpus petitions"); *Boutwell v. Keating*, 399 F.3d 1203, 1211 n. 2 (10th Cir. 2005) (citing Rule 1(b), and holding the district court acted within its discretion by applying Section 2254 Rules to a section 2241 petition); *McFarland v. Scott*, 512 U.S. 849, 114 (1994) (citing Rule 4, and noting courts are authorized to summarily dismiss any habeas petition that appears legally insufficient on its face).

921, 924 (10th Cir. 2008) ("Section ... 2241 is a vehicle for challenging pretrial detention."). "A habeas petitioner is generally required to exhaust state remedies" before obtaining relief "under § 2241 or [28 U.S.C.] § 2254." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). "Sua sponte consideration of exhaustion of state remedies ... is explicitly permitted" where, as here, the failure to exhaust appears on the face of the petition. *United States v. Mitchell*, 518 F.3d 740, 746 n.8 (10th Cir. 2008). *See also United States v. Mitchell,* 518 F.3d 740, 746 (10th Cir. 2008) ("[A]ffirmative defenses unique to the habeas context such as exhaustion of state remedies…may be may be raised by a court sua sponte….[H]abeas proceedings are different from ordinary civil litigation and, as a result, our usual presumptions about the adversarial process may be set aside.").

"The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). "Fair presentation, in turn, requires that the petitioner raise in state court the 'substance' of his federal claims." *Williams v. Trammell*, 782 F.3d 1184, 1210 (10th Cir. 2015). "This includes not only the [federal] constitutional guarantee at issue, but also the underlying facts that entitle a petitioner to relief." *Id.* The Court can excuse the exhaustion requirement "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981).

The Petition clearly reflects that Rapchak did not present the federal issues to the New Mexico Supreme Court. The Petition repeatedly refers to Rapchak's state habeas proceeding, Case No. D-818-CV-2019-0004, and notes that action is "pending." (Doc. 1 at 1, 3, 9-10). These statements are consistent with the docket sheet, which reflects the state court recently appointed

3

counsel, and the case has not yet reached the discovery stage. *See* Case No. D-818-CV-2019-0004. The Court will therefore require Rapchak to show cause why his § 2241 action should not be summarily dismissed for failing to exhaust state remedies. Rapchak must file his show-cause response within thirty (30) days of entry of this Order. If Rapchak concedes the point or otherwise fails to timely respond, the Court will dismiss this action without further notice or a hearing.

**IV. Miscellaneous Motions**

Rapchak filed the following miscellaneous motions in connection with the Petition:

(1) Two motions requesting a disposition on the merits (Docs. 5 and 12);

(2) Three motions requesting discovery or additional evidence (Docs. 6, 8, and 9);

(3) A motion to dismiss this case (Doc. 10); and

(4) A motion to "ignore" the motion to dismiss (Doc. 11).

Having carefully reviewed the record, the Court will deny the requests for discovery and a disposition on the merits (Docs. 5, 6, 8, 9, and 12). Those motions are premature, given the apparent failure to exhaust state remedies. It also appears that Rapchak filed similar or identical discovery requests in the state court. *See* Case No. D-818-CV-2019-0004. As to dismissal, the Court construes the motion to "ignore" (Doc. 11) as a request to withdraw the motion to dismiss (Doc. 10). The Court will grant that request.

**ACCORDINGLY, IT IS ORDERED** that the motion to proceed *in forma pauperis* (**Doc. 2**) is **GRANTED**.

**IT IS FURTHER ORDERED** that within 30 days of entry of this Order, Rapchak must show cause in writing why his § 2241 habeas action should not be summarily dismissed for failure to exhaust state remedies.

**IT IS FURTHER ORDERED** that the motions for discovery and disposition on the merits (**Docs. 5, 6, 8, 9, and 12**) are **DENIED WITHOUT PREJUDICE** to refiling at a later date.

**IT IS FINALLY ORDERED** that the motion to withdraw (**Doc. 11**) is **GRANTED**; and the motion to dismiss (**Doc. 10**) shall be **WITHDRAWN**.

_____
UNITED STATES MAGISTRATE JUDGE