IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DEVIN RAPCHAK,

        Petitioner,

vs.                                                                          No. CIV 19-0188 JB\KBM

MARK BOWEN; GEO INC.;
and HECTOR BALDERAS,
Attorney General of the
State of New Mexico,

        Respondents.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) the Petitioner's Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus, filed March 6, 2019 (Doc. 1)("Petition"); and (ii) the Petitioner's Motion to Request Counsel, filed June 18, 2019 (Doc. 13)("Motion to Appoint Counsel"). In this habeas action, Petitioner Devin Rapchak challenges his prison disciplinary proceeding. See Petition ¶ 1, at 1. The Honorable Karen B. Molzen, United States Magistrate Judge for the United States District Court for the District of New Mexico, previously ordered Rapchak to show cause why the Court should not dismiss his Petition without prejudice for failure to exhaust state remedies. See Opinion and Order to Show Cause at 1, filed June 19, 2019 (Doc. 14)("Order to Show Cause"). Having reviewed the Untitled Response, filed July 17, 2019 (Doc. 15)("Response"), the record, and the applicable law, the Court will dismiss the case without prejudice.

## FACTUAL AND PROCEDURAL BACKGROUND

Rapchak is an inmate at the Penitentiary of New Mexico ("PNM"). See Petition at 17. On October 20, 2018, Rapchak received a misconduct report for assaulting a corrections officer.

See Petition ¶ 3, at 12. He alleges that he "never put [his] . . . hands on any officer." Petition ¶ 3, at 12. Rapchak alleges: "I never showed the officer my genitals. I simply told [the officer] I had nothing in my waist band of my pants. We had words and [the officer] punched me in the face." Petition ¶ 7, at 12. Rapchak believes prison officials issued the misconduct report to conceal the corrections officer's assault. See Petition ¶¶ 3-10, at 12. As a result of the incident, prison officials placed Rapchak in the Predatory Behavior Management Program ("PBMP"). Petition ¶ 1, at 1. PBMP is the "23 hour lock-down" program on level 6 at PNM. Petition ¶ 6(a), at 4.

Rapchak filed his 28 U.S.C. § 2241 Petition on March 6, 2019. See Petition at 1. He asks the Court to reinstate forfeited good-time credits, order his transfer to a level 3 program, and award punitive damages. See Petition ¶ 10, at 10. Between March 6, 2019, and May 17, 2019, Rapchak also filed various miscellaneous motions relating to the filing fee and discovery. See Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, filed March 6, 2019 (Doc. 2); Petitioner's Motion to Request Disposition, filed March 27, 2019 (Doc. 5); Petitioner's Motion to: Order Evidence, filed March 27, 2019 (Doc. 6); Petitioner's Motion/Order to Retrieve Evidence, filed April 22, 2019 (Doc. 8); Petitioner's Motion to Request Discovery, filed April 22, 2019 (Doc. 9); Petitioner's Motion to Dismiss Civil Litigation, filed May 3, 2019 (Doc. 10); Petitioner's Motion to Ignore Previous Dismissal Motion for Civil Litigation, filed May 14, 2019 (Doc. 11); Petitioner's Motion to Request Disposition, filed May 17, 2019 (Doc. 12). Magistrate Judge Molzen entered an order referring the case for recommended findings and final disposition on March 7, 2019. See Order of Reference Relating to Prisoner Cases, filed March 7, 2019 (Doc. 3). By the Order to Show Cause, Magistrate Judge Molzen granted leave to proceed in forma pauperis, denied Rapchak's miscellaneous motions, and directed him to show cause why the

Court should not dismiss his Petition for failure to exhaust state remedies. See Order to Show Cause at 4-5. The Petition reflects that Rapchak did not present the federal issues to the Supreme Court of New Mexico. See Petition ¶¶ 3, 5, 7, 9, at 1, 3, 8-10.

Rapchak filed his Response on July 17, 2019. The Response states:

> To whom [it] may concern[:] This § 2241 habeas action should not be dismissed for failure to exhaust state remedies because I was under the impression that they were exhausted due to the fact that the case was kicked up to the Federal Court system[.] I am doing all of this pro se and I am in over my head. I have requested legal assistance last month in writing. Furthermore, the fact that the Eighth Amendment was broken when Officer Jacob Santana struck me in the face with closed fist and Warden Bowen covered it up by placing me in 23 hour lockdown is a constitutional offense that cannot be tolerated in our wonderful country. If I have created an error I apologize and would humbly ask for further instruction on the above matter, so that we can obtain justice and balance.

Response at 1. Rapchak also filed a motion seeking the appointment of counsel on June 18, 2019. See Motion to Appoint Counsel at 1. The Motion to Request Counsel states that Rapchak "request[s] legal coun[sel] and assistance." Motion to Appoint Counsel at 1. The habeas proceeding is fully briefed and ready for initial review.

**LAW REGARDING SUA SPONTE REVIEW OF HABEAS PETITIONS**

Section 2241 of Title 28 of the United States Code and the Rules Governing Section 2254 Cases in the United States District Courts, effective February 1, 1997, and amended on February 1, 2010 ("Habeas Corpus Rules"),[1] govern this Petition. Habeas Corpus Rule 4 requires a sua sponte

---

[1] The Court, in its discretion, applies the Habeas Corpus Rules to the § 2241 petition. See Habeas Corpus Rule 1(b) ("The district court may apply any or all of these rules to [other] habeas corpus petitions."); Boutwell v. Keating, 399 F.3d 1203, 1211 n.2 (10th Cir. 2005)(citing rule 1(b) and holding that the district court acted within its discretion by applying § 2254 rules to a § 2241 petition); McFarland v. Scott, 512 U.S. 849, 114 (1994)(citing rule 4 and noting that courts are authorized to summarily dismiss any habeas petition that appears legally insufficient on its face).

- 3 -

review of habeas petitions.  "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . the judge must dismiss the petition."  Habeas Corpus Rule 4.  "If the petition is not dismissed, the judge must order the respondent to file an answer."  Habeas Corpus Rule 4.  The standards set forth in rule 12(b)(6) of the Federal Rules of Civil Procedure are instructive when screening a petition under Habeas Corpus Rule 4.  See e.g., Paters v. United States, 159 F.3d 1043, 1059 (7th Cir. 1998)("Rule 4, like Fed. R. Civ. P. 12(b)(6), acts as a screening device to weed out meritless claims from the federal court system."); Rivas v. Fischer, 687 F.3d 514, 535 (2d Cir. 2012)("The facts vital to a habeas claim are those without which the claim would necessarily be dismissed under Rule 4 . . . or Rule 12(b)(6) of the Federal Rules of Civil Procedure.").

Rule 12(b)(6) authorizes a court to dismiss a complaint for "failure to state a claim upon which relief can be granted[.]"  Fed. R. Civ. P. 12(b)(6).  "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true."  Mobley v. McCormick, 40 F.3d 337, 340 (10th Cir. 1994)(citing Williams v. Meese, 926 F.2d 994, 997 (10th Cir. 1991)).  A complaint's sufficiency is a question of law, and when considering a rule 12(b)(6) motion, a court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the non-moving party, and draw all reasonable inferences in the plaintiff's favor.  See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 323 (2007)("[O]nly '[i]f a reasonable person could not draw [] an inference [of plausibility] from the alleged facts' would the defendant prevail on a motion to dismiss." (quoting Makor Issues & Rights, Ltd. v. Tellabs, Inc, 437 F.3d 588, 602 (7th Cir. 2006))); Smith v. United States, 561 F.3d 1090, 1098 (10th Cir. 2009)("[F]or purposes of resolving a Rule

12(b)(6) motion, we accept as true all well-pleaded factual allegations in a complaint and view these allegations in the light most favorable to the plaintiff." (citing Moore v. Guthrie, 438 F.3d 1036, 1039 (10th Cir. 2006))).

A complaint need not set forth detailed factual allegations, yet "[a] pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action'" is insufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 550 U.S. at 555 (citations and footnote omitted).

To survive a motion to dismiss, a plaintiff's complaint must contain sufficient "facts that, if assumed to be true, state a claim to relief that is plausible on its face." Mink v. Knox, 613 F.3d 995, 1000 (10th Cir. 2010)(citing Ashcroft v. Iqbal, 556 U.S. at 678). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. at 556). "Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complainant must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007)(emphasis omitted). The United States Court of Appeals for the Tenth Circuit has stated:

> "[P]lausibility" in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible." The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.

Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008)(citation omitted)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 570).

In conducting the rule 4 review, the pro se prisoner's pleadings "are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). If the court can "reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, [] confusion of various legal theories, [] poor syntax and sentence construction, or [] unfamiliarity with pleading requirements." Hall v. Bellmon, 935 F.2d at 1110. At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." Hall v. Bellmon, 935 F.2d at 1110.

### LAW REGARDING § 2241 AND EXHAUSTION OF STATE REMEDIES

Section 2241 provides relief where an inmate "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "A habeas petitioner is generally required to exhaust state remedies" before obtaining relief "under § 2241 or § 2254." Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000). "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." Dever v. Kan. State Penitentiary, 36 F.3d 1531, 1534 (10th Cir. 1994). "'Fair presentation,' in turn, requires that the petitioner raise in state court the 'substance' of his federal claims." Williams v. Trammell, 782 F.3d 1184, 1210 (10th Cir.

2015)(quoting Picard v. Connor, 404 U.S. 270, 278 (1971)). "This includes not only the [federal] constitutional guarantee at issue, but also the underlying facts that entitle a petitioner to relief." Williams v. Trammell, 782 F.3d at 1210. See Fairchild v. Workman, 579 F.3d 1134, 1149 (10th Cir. 2009)("A claim is more than a mere theory on which a court could grant relief; a claim must have a factual basis, and an adjudication of that claim requires an evaluation of that factual basis.")(quotations omitted). The Court can excuse the exhaustion requirement "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." Duckworth v. Serrano, 454 U.S. 1, 3 (1981).

"Sua sponte consideration of exhaustion of state remedies . . . is explicitly permitted" where the failure to exhaust appears on the petition's face. United States v. Mitchell, 518 F.3d 740, 746 n.8 (10th Cir. 2008). As the Tenth Circuit has explained, "habeas proceedings are different from ordinary civil litigation and, as a result, [the] usual presumptions about the adversarial process may be set aside." United States v. Mitchell, 518 F.3d at 746. In addition, the Habeas Corpus Rules require sua sponte review of habeas petitions. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . the judge must dismiss the petition." Habeas Corpus Rule 4.

## ANALYSIS

The Court will deny the Motion to Appoint Counsel, because the Court is not persuaded that counsel should be appointed, and because Rapchak has not completed the state exhaustion process before obtaining habeas relief in federal court. The Court will dismiss the Petition, because Rapchak has neither exhausted state remedies nor alleged that the state corrective process is insufficient. Moreover, the Court will deny a certificate of appealability, because Rapchak has

not shown that reasonable jurists would disagree with this ruling.

I.     **THE COURT WILL DENY THE MOTION TO APPOINT COUNSEL.**

As an initial matter, the Court must determine whether to appoint counsel in this case. There is no constitutional right to counsel in a habeas proceeding. See Coronado v. Ward, 517 F.3d 1212, 1218 (10th Cir. 2008). Unless and until an evidentiary hearing is held, "[t]he decision to appoint counsel is left to the sound discretion of the district court." Engberg v. Wyoming, 265 F.3d 1109, 1122 (10th Cir. 2001). Factors guiding such discretion include "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." Williams v. Meese, 926 F.2d at 996. The burden is on the petitioner "to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." Hill v. SmithKline Beecham Corp., 393 F.3d 1111, 1115 (10th Cir. 2004)(internal citations omitted).

Considering the above factors, the Court is not persuaded that counsel should be appointed. As discussed below, Rapchak must complete the state exhaustion process before obtaining habeas relief in federal court. See Montez v. McKinna, 208 F.3d at 866. Based on the filings, it also appears that Rapchak is capable of prosecuting this action. The Court therefore will deny the Motion to Appoint Counsel.

II.    **THE COURT WILL DISMISS THE PETITION WITHOUT PREJUDICE.**

Rapchak asks the Court to intervene in his state prison disciplinary proceeding. It is apparent from the Petition's face, however, that he did not exhaust state remedies, as Montez v. McKinna, 208 F.3d at 866, requires. Rapchak is currently prosecuting a separate state habeas proceeding, and the Petition repeatedly lists that proceeding as "pending." Petition ¶¶ 2, 4, 5, 7,

9, at 1, 3, 8-10.  The Court also took judicial notice of the state docket sheet, see United States v. Ahidley, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007), which reflects that the state habeas case is still in the discovery stage.  See Rapchak v. Bowen, Case No. D-818-CV-2019-0004 (State of New Mexico, County of Union, Eighth Judicial District Court).  The last filing on the state court docket is Respondent's Response to the Petitioner's Motion to Compel Production of Video Recording, filed September 16, 2019.  See Rapchak v. Bowen, Case No. D-818-CV-2019-0004 (State of New Mexico, County of Union, Eighth Judicial District Court).  Rapchak's claims therefore are not exhausted.

The Response argues that the exhaustion requirement should be excused, because: (i) Rapchak thought the federal filing would satisfy the exhaustion requirement; (ii) he is proceeding without counsel; and (iii) Officer Jacob Santana assaulted him.  See Response at 1.  These arguments are insufficient to resist dismissal.  As noted above, the Court can excuse the exhaustion requirement "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief."  Duckworth v. Serrano, 454 U.S. at 3.  Said differently, courts can reach the merits of unexhausted claims when "state procedural snarls or obstacles preclude an effective state remedy against unconstitutional convictions."  Bartone v. United States, 375 U.S. 52, 54 (1963).

Rapchak has not alleged the state corrective process is insufficient.  He primarily argues ignorance of law, which is not a reason to waive the exhaustion requirement.  See Marsh v. Soares, 223 F.3d 1217, 1219 (10th Cir. 2000)(holding that ignorance of the law cannot be used to overcome § 2254's procedural requirements); Herd v. Tapia, 356 F. App'x 140, 143 (10th Cir.

2009)(unpublished)[2]("[I]t is well-settled that ignorance of the law cannot excuse the failure to exhaust"); Gunderson v. Abbott, 172 F. App'x 806, 809 (10th Cir. 2006)(unpublished) ("[I]gnorance of the [requirement to exhaust] . . . neither removes fault from the petitioner nor sets him apart from any other case."). The Court also cannot waive the habeas exhaustion requirement based on Santana's attack or other unconstitutional conditions of confinement. "'[P]risoners who wish to challenge only the conditions of their confinement . . . must do so through civil rights lawsuits . . . not through federal habeas proceedings.'" Palma-Salazar v. Davis, 677 F.3d 1031, 1035 (10th Cir. 2012)(quoting Standifer v. Ledezma, 653 F.3d 1276, 1280 (2011)). Rapchak therefore must file a separate civil rights complaint under 42 U.S.C. § 1983 if he wishes to pursue claims based on the attack and/or lockdown conditions. For these reasons, Rapchak has not demonstrated grounds to waive the exhaustion requirement. The Court will dismiss the § 2241 Petition without prejudice for failure to exhaust state remedies.

---

[2]Herd v. Tapia is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and . . . citation to unpublished opinions is not favored. However, if an unpublished opinion . . . has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005)(citations omitted). The Court concludes that Herd v. Tapia, 356 F. App'x 140 (10th Cir. 2009), and Gunderson v. Abbott, 172 F. App'x 806 (10th Cir. 2006), have persuasive value with respect to a material issue and will assist the Court in its disposition of this Memorandum Opinion and Order.

## III. THE COURT WILL DENY A CERTIFICATE OF APPEALABILITY.

Habeas Corpus Rule 11 requires "[t]he district court [to] . . . issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Habeas Corpus Rule 11. The Court may issue a certificate of appealability only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court rejects the merits of petitioner's constitutional claims, he must make this showing by "demonstrat[ing] that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). For the reasons discussed above, Rapchak has not shown that reasonable jurists would debate this ruling. The Court therefore denies a certificate of appealability.

**IT IS ORDERED** that: (i) the Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus, filed March 6, 2019 (Doc. 1), is dismissed without prejudice; (ii) the Motion to Request Counsel, filed June 18, 2019 (Doc. 13), is denied; (iii) a certificate of appealability is denied; and (iv) a separate Final Judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Devin Rapchak, # 69391
Penitentiary of New Mexico, Santa Fe
Santa Fe, New Mexico

   *Pro se petitioner*